IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| AMY GRUBB O'DELL | ) | |
| | ) | |
| v. | ) | No. 2:19-0054 |
| | ) | |
| ANDREW M. SAUL | ) | |
|   Commissioner of Social Security | ) | |

**To:** The Honorable Waverly D. Crenshaw, Chief District Judge

### REPORT AND RECOMMENDATION

Currently pending is a motion filed by the Social Security Administration ("Commissioner" or "Defendant") to reverse and remand the Commissioner's decision denying Plaintiff's application for social security benefits. *See* Docket Entry ("DE") 16. Plaintiff has filed a response in opposition to this motion (*see* DE 18), to which Defendant has filed a reply. *See* DE 19. This matter has been referred to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b), for initial consideration and a report and recommendation. *See* DE 6. For the reasons that follow, the Court recommends that Defendant's motion (DE 16) be **GRANTED**.

A claimant who seeks judicial review of the Commissioner's decision to deny social security benefits must first exhaust four levels of administrative review: the initial application for benefits, a request for reconsideration of a denial of the application, a request for a hearing before and decision by an administrative law judge ("ALJ"), and a request for review by the Appeals Council. *Reynolds v. Comm'r of Soc. Sec.*, 14 F. Supp. 3d 954, 963 (S.D. Ohio 2014).[1]

---

[1] Because of the procedural posture of this case, the Court is without the benefit of an administrative record describing Plaintiff's specific procedural history and therefore describes generally the format of the administrative process.

Plaintiff commenced the instant action on July 4, 2019 by filing a complaint for judicial review, under 42 U.S.C. § 405(g), in which she alleged that the ALJ who denied her claim for supplemental security income ("SSI") at the third level of administrative review was not properly appointed under the Constitution. *See* DE 1. In lieu of an answer to this complaint, Defendant filed the instant motion in which it acknowledges that remand under sentence four of 42 U.S.C. § 405(g)[2] is appropriate pursuant to Social Security Ruling ("SSR") 19-1p.

The Commissioner promulgated SSR 19-1p following the Supreme Court's decision in *Lucia v. S.E.C.*, which held that ALJs working for the Securities and Exchange Commission ("SEC") were "Officers of the United States" within the meaning of the Appointment Clause of the United States Constitution, Article II, Section II, clause 2, and therefore could only be appointed by the President, a court of law, or the head of the department. 138 S. Ct. 2044, 2050, 2054 (2018). Because the ALJ who had presided over the *Lucia* plaintiff's hearing was not appointed by any of these entities, the plaintiff was entitled to relief in the form of a new hearing before a different ALJ. *Id.* at 2055. Although *Lucia* did not explicitly address the constitutionality of ALJs employed by the Social Security Administration, courts have accepted that the Supreme Court's reasoning applies to ALJs presiding over social security hearings. *See Marchant on behalf of A.A.H. v. Berryhill*, No. CV 18-0345, 2019 WL 2268982, at *3 (E.D. Pa. May 28, 2019) (noting that "the agency most impacted by *Lucia* is the [Social Security Administration]") (collecting social security cases in which the claimant lodged an Appointment Clause challenge). Moreover, the Commissioner's implementation of SSR 19-1p makes clear that it concedes *Lucia*'s applicability to social security claims.

---

[2] Sentence four of 42 § U.S.C. 405(g) states the following: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

SSR 19-1p states, in relevant part, that for cases in which a claimant has raised a timely Appointment Clause challenge at the administrative level, the Appeals Council will, upon remand, "conduct a new and independent review of the claims file and either remand the case to an ALJ other than the ALJ who issued the decision under review, or issue its own new decision about the claim covering the period before the date of the ALJ's decision." 2019 WL 2568744, at *3 (March 15, 2019). Because Plaintiff raised such a timely challenge, Defendant's motion asks the Court to reverse the ALJ's decision and remand the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). DE 17 at 1-2.

Plaintiff does not oppose reversal and remand, but instead objects to this matter being remanded to the Appeals Council for further consideration. Plaintiff argues that such a course of action is "outrageous" because there is no guarantee under SSR 19-1p that the Appeals Council will grant her a new hearing before an ALJ. DE 18 at 1-2. Plaintiff therefore requests that the Court remand with an instruction for a new administrative hearing or, alternatively, that the Court require Defendant to "explain ... how it will honor [her] absolute right under 42 U.S.C. - § 405(b) to a constitutionally valid hearing[.]" *Id*. at 2.

Despite Plaintiff's argument, the Court agrees with Defendant that such a request is premature. Plaintiff asks the Court to circumvent SSR 19-1p and bypass the Appeals Council based on her characterization of the ruling as a "sub-regulatory proclamation." DE 18 at 3. While it is true that social security rulings "do not have the force and effect of law," *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 272, n.1 (6th Cir. 2010), an agency's policy interpretation, such as SSR 19-1p, "is entitled to substantial deference and will be upheld unless plainly erroneous[.]" *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 549 (6th Cir. 2004) (internal citations omitted). Here, the Appeals Council may in fact decide to remand the matter to a new

3

ALJ for an additional administrative hearing, which would render Plaintiff's argument moot. While the Court appreciates Plaintiff's concern that remand to the Appeals Council will unfairly delay her right to a new hearing for several years (DE 18 at 2-3), that outcome is speculative and therefore an insufficient basis on which to grant the relief Plaintiff seeks, especially given that she cites no authority allowing her to procedurally cut in line in such a manner.

As noted by Defendant, another district court has found that Plaintiff's argument represents judicial overreach inconsistent with the Supreme Court's decision in *Lucia*:

> *Lucia* itself supports the Commissioner's position. In *Lucia*, the Supreme Court stated that the cure for the constitutional error of an improper appointment is remand so that a new ALJ ***or the executive agency*** (here the Social Security Administration) itself may hold a new hearing .... The Social Security Administration interpreted this directive as permitting either a new ALJ hearing or a decision by the Appeals Council, which is a branch of the Administration .... Therefore, based on the parties' agreement that Plaintiff timely challenged the appointment of the ALJ under *Lucia* and that remand is proper in this case, the Court should remand to the Appeals Council.

*McKay v. Saul*, No. SA-18-CV-01339-ESC, 2019 WL 2568744, at *2 (W.D. Tex. June 21, 2019) (emphasis in original). The *McKay* court declined to "definitively rule that the Appeals Council must remand to an ALJ and may not decide [the claimant's] case itself." *Id*., at *1. The Court finds the reasoning of *McKay* persuasive and concludes that remand to the Appeals Council in accordance with SSR 19-1p is appropriate.  As was expressly stated in McKay, "[n]othing in this opinion should be read as precluding Plaintiff from raising [her] argument that the Appeals Council is prohibited from deciding the case itself on remand if the issue becomes ripe because the Appeals Council chooses not to reassign a new ALJ to this case." *Id*., at *2.

4

## V. RECOMMENDATION

For the above stated reasons, it is recommended that Defendant's motion for remand (DE 16) be GRANTED, the decision of the Commissioner be REVERSED, and this matter REMANDED to the Appeals Council for further proceedings consistent with this Report and Recommendation.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Fed. R. Civ. P. 72(b)(2); M.D. Tenn. R. 72.01(a). Failure to file specific written objections within the specified time can be deemed to represent a waiver of the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Cowherd v. Milton*, 380 F.3d 909, 912 (6th Cir. 2004) (*en banc*). Any responses to objections to this Report and Recommendation must be filed within fourteen (14) days of the filing of the objections. Fed. R. Civ. P. 72(b)(2); M.D. Tenn. R. 72.01(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge